IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | | |
|---|---|---|---|
| CONSTEANCE PERRY and | § | | |
| WADE EATON | § | | |
| Plaintiffs | § | | |
| | § | | |
| v. | § | C. A. NO. | 3:19-cv-222 |
| | § | | |
| MUTUAL OF OMAHA | § | | |
| INSURANCE COMPANY, | § | | |
| Defendant. | § | | |

**INDEX OF PLEADINGS, ANSWERS TO PLEADINGS,
PROCESS, AND ORDERS FROM STATE COURT ACTION**

The following is an index of the pleadings, answers to pleadings, process, and orders entered by the state court in as Cause No. 102229-CV; *Consteance Perry v. Mutual of Omaha Insurance Company;* 239th District Court of Brazoria County, Texas:

**EXHIBIT A**        Original Answer

Unexecuted Service Request

Docket Sheet

Pleadings

# EXHIBIT A



111 E. Locust, Ste. 500
Angleton, TX 77515

www.brazoriacountytx.gov

979-864-1316
979-388-1316
281-756-1316



# RHONDA BARCHAK
## DISTRICT CLERK
### BRAZORIA COUNTY

Dianne Hash
909 Fannin, Suite 3300
Houston, TX ~~77095~~ 77010

June 18, 2019

RE: Cause No. 102229-CV in the 239th District Court
    Style: Consteance Perry, et al vs. Mutual of Omaha Insurance Company

Dear Ma`am,

  The certified copies of all case documents and case summary requested June 18, 2019 have been attached.

  If we can be of further assistance, please do not hesitate to contact our office.

Sincerely,
**RHONDA BARCHAK, District Clerk**

*Barbara Wellborn*

Barbara Wellborn, Deputy

Enclosure
CC: file

# OFFICIAL RECEIPT



**Rhonda Barchak**
**District Clerk Brazoria County**
**111 E. Locust Street, Suite 500**
**Angleton, TX 77515**
**(979)-864-1316**

| | |
|---|---|
| Payor | Receipt No. |
| Kent Adams | **2019-301489** |
| | Transaction Date |
| | 06/18/2019 |

| Description | Amount Paid |
|---|---|
| Miscellaneous Payment | |
| Copies | 17.00 |
| **SUBTOTAL** | **17.00** |

| **PAYMENT TOTAL** | **17.00** |
|---|---|

| | |
|---|---|
| DC - Credit Card (Ref #100187369777) | 17.00 |
| Tendered | |
| Total Tendered | **17.00** |
| Change | 0.00 |

CC for Cause No. 102229-CV

| 06/18/2019 | Cashier DC14440 | Audit |
|---|---|---|
| 11:12 AM | Station DC09 | 12833522 |

## OFFICIAL RECEIPT

239TH DISTRICT COURT

# CASE SUMMARY
## CASE NO. 102229-CV

| | | |
|---|---|---|
| Consteance Perry, et al<br>vs.<br>Mutual of Omaha Insurance Company | §<br>§<br>§<br>§ | Location: **239th District Court**<br>Judicial Officer: **Sebesta, Patrick**<br>Filed on: **04/15/2019** |

| CASE INFORMATION |
|---|

Case Type: **Contract -**
**Consumer/Commercial/Debt**

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 102229-CV |
| Court | 239th District Court |
| Date Assigned | 04/15/2019 |
| Judicial Officer | Sebesta, Patrick |

| PARTY INFORMATION |
|---|

|  |  | Lead Attorneys |
|---|---|---|
| Plaintiff | **Eaton, Wade** | **Humphreys, Mark S.**<br>*Retained*<br>972-263-3722(W) |
| | **Perry, Consteance** | **Humphreys, Mark S.**<br>*Retained*<br>972-263-3722(W) |
| Defendant | **Mutual of Omaha Insurance Company** | |

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 04/15/2019 | Original Petition (1-10 Plaintiffs) (OCA)<br>Party: Plaintiff Perry, Consteance; Plaintiff Eaton, Wade<br>*Plaintiffs' Original Petition (with Disclosure Request) - Consteance Perry and Wade Eaton* | |
| 04/15/2019 | Docket Sheet | |
| 06/07/2019 | Request<br>*Process Request Form* | |
| 06/07/2019 | **Citation**<br>Mutual of Omaha Insurance Company<br>Unserved | |

*Printed on 06/18/2019 at 11:26 AM*

**STATE OF TEXAS**
**COUNTY OF BRAZORIA**

I certify that the foregoing is a true and correct
copy of the original record on file in my office.
Given under my hand and seal of the court at
my office in Angleton, Texas.
RHONDA BARCHAK, DISTRICT CLERK

By _Barbara Willson_ Deputy

6-18-2019



Filed for Record
4/15/2019 9:34 AM
Rhonda Barchak, District Clerk
Brazoria County, Texas
102229-CV
Brandi Anderson, Deputy

Cause No. _102229-CV_____

| | | |
|---|---|---|
| Constance Perry and Wade Eaton | § | In the _____ Judicial |
| | § | |
| V. | § | District Court of |
| | § | |
| Mutual of Omaha Insurance Company | § | Brazoria County, Texas |

## PLAINTIFF'S ORIGINAL PETITION
### (with Disclosure Request)

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Plaintiff **Constance Perry** (796/192) and **Wade Eaton**, hereinafter called Plaintiffs, complaining of and about Defendant **Mutual of Omaha Insurance Company,** hereinafter called Defendant, and for cause of action shows unto the Court the following:

### SERVICE

1.      Defendant **Mutual of Omaha Insurance Company** is an insurance company, doing business in the State of Texas.  Said Defendant can be served through its attorney for service: Corporation Service Company, 211 East 7TH Street, Suite 620, Austin, Texas 78701-3218.

### JURISDICTION

2.      The subject matter in controversy is within the jurisdictional limits of this court in that Plaintiff seeks recovery of over $200,000.00 but less than $1,000,000.00.

### VENUE

3.      Pursuant to Texas Civil Practice & Remedies Code, §15.032, venue in Brazoria County is proper in this cause in that it is where the beneficiary resides.

### AGENCY AND VICARIOUS LIABILITY.

4.      Whenever in this Petition it is alleged that Defendant did any act or thing or omission, it is meant that Defendant, its officers, agents, employees, or representatives did such act or thing or omission and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant, its officers, agents, employees, or representatives.

### WRITTEN NOTICE GIVEN.

5.      Plaintiff has fully complied with all of the conditions precedent prior to bringing this suit.

6.      Notice letter was issued February 4, 2019, and this lawsuit is being filed after the expiration of 60 days.

## FACTS

7.      Tonya Eaton had a policy of accidental death insurance with Defendant, policy number 50ADI-665192-92M.

8.      On October 4, 2018, the policy was in full force and effect.

9.      On October 4, 2018, Tonya died of an accidental death.

10.     Consteance Perry (Consteance) and Wade Eaton (Wade) were beneficiaries of Tonya's policy.

11.     As was required by the policy, a claim was promptly made for policy benefits.  Consteance and Wade fully cooperated with Defendant's investigation of their claim.

12.     Defendant requested certain information from Plaintiffs.  Information that was promptly provided to Defendant on October 16, 2018.

13.     Since October 16, 2018, Plaintiffs have made repeated attempts to get someone to talk to her about the status of her claim for benefits.

14.     No one with Mutual will speak with Plaintiffs.

15.     As of the date of this letter, there has been no further communication of any type with either Plaintiff.

16.     The policy at issue is an Accidental Death policy and the death has been ruled an accident on the Death Certificate.

17.     The policy benefits are $200,000.00 with 50% to Consteance and 50% to Wade.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

18.     Plaintiff incorporates herein all the FACTS as set forth above.

19.     Defendant's conduct in this matter appears to be in violation of numerous laws, including but not limited to Texas Insurance Code (TIC), as follows:

   a.   TIC § 541.060(a)(2)(A):  Defendant have violated this section by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear in that research on Defendant's part would show that the above FACTS are true and correct and that Defendant have failed to follow Texas law regarding the Texas Prompt Payment of Claims Act by requesting further information or paying or denying the claim within 15 business days.

b.  TIC § 541.060(a)(4):     Defendant have violated this section by failing to within a reasonable time to affirm or deny coverage of a claim to a policyholder in that Defendant had all the information Defendant reasonably needed to accept or deny coverage on or about October 16, 2018, yet Defendant have not affirmed or denied coverage.

## BREACH OF CONTRACT

20.   Plaintiff incorporates herein all the FACTS as set forth above.

21.   Defendant's conduct in this matter appears to be in Breach of Contract:

22.   There is a valid, enforceable contract of insurance between Defendant and the policy beneficiaries Consteance Perry and Wade Eaton.

23.   Plaintiffs are proper parties to bring this lawsuit against Defendant.

24.   Plaintiffs have performed under the contract by cooperating with Defendant's investigation.

25.   Defendant has breached the contract by not providing benefits.

26.   Defendant's breach of the contract has caused injury to Plaintiffs.

## PROMPT PAYMENT OF CLAIMS ACT

27.   Plaintiff incorporates herein all the FACTS as set forth above.

28.   Defendant had all the information needed to pay Plaintiff's claim on or before November 6, 2018. As a result, this claim should have been accepted and paid by November 6, 2018.

29.   Defendant is liable as penalty at an interest of 18% a year on the policy benefits of plus attorneys' fees.

## DAMAGES.

30.   Plaintiff incorporates herein all the facts as set forth above.

31.   Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein:

a.  $200,000.00 - actual damages

b.  Exemplary damages due to the knowing and intentional conduct on Defendant's part.

c.  Mental anguish damages resulting from Defendant's conduct, ($25,000 each to Consteance and Wade.)

d.  Reasonable and necessary attorney fees resulting from Defendant's conduct.

e. Penalty at 18%, from November 6, 2018, on actual damages until paid.

## DISCOVERY – REQUEST FOR DISCLOSURE TO DEFENDANT:

32.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, **Defendant Mutual of Omaha Insurance Company** is requested to disclose, within fifty (50) days of service of this request, the information or material as set forth in R.194.2(a) through R.194.2(l).  A response to a request under Rule 194.2(f) is due according to Rule 195.2 of the Texas Rules of Civil Procedure.

33.     The disclosures must be signed in accordance with Texas Rules of Civil Procedure, Rule 191.3, and delivered to the undersigned attorney.  If a Defendant fails to comply with the requirements above, the Court may order sanctions against such Defendant in accordance with the Texas Rules of Civil Procedure.

## USE OF DOCUMENTS:

34.     Pursuant to Rule §193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to the Defendant that she intends to use all documents exchanged and produced between the parties (including, but not limited to, correspondence, pleadings, records, and discovery responses) during the trial of this matter.

## ATTORNEY'S FEES.

35.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by:  (a) §541.152(a)(1), of the Texas Insurance Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

## PRE-JUDGMENT INTEREST.

36.     As a result of the injuries sustained by Plaintiff as aforesaid and in addition to such damages, Plaintiff will show that he is entitled to pre-judgment interest on each separate element of damages as awarded by the jury during the trial of this case, from and after the date of accrual of such damages, through the date of judgment, such interest to accrue at the highest prevailing rate then applicable on the date of judgment.

## POST JUDGMENT INTEREST.

37.     As a result of the injuries sustained by Plaintiff and in addition to such damages, Plaintiff will show that he is entitled to post-judgment interest on damages awarded by the jury during the trial of this case, from and after the date of judgment, such interest to accrue at the highest prevailing rate then applicable until paid in full.

## COSTS OF SUIT.

38.     In addition, Plaintiff seeks all related costs of suit in this cause of action through the trial, post-trial, appeal, and/or post-judgment discovery, etc. of this matter.

39.     Wherefore, Plaintiff seeks reimbursement of court costs incurred in the trial of this case and thereafter.

**REQUEST FOR JURY TRIAL.**

40.     Plaintiff respectfully requests that a Jury be impaneled on final hearing of this cause of action.

**PRAYER.**

41.     **WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

SIGNED on April 15, 2019.

Respectfully submitted,

/s/     Mark S. Humphreys
Mark S. Humphreys   - SBOT #00789762

MARK S. HUMPHREYS, P.C.
702 Dalworth Street, Grand Prairie, Texas 75050
Tel.  (972) 263-3722      *        Fax.  (972) 237-1690
Email:  texaslaw94@yahoo.com
**Attorney For Plaintiffs**

Docket sheet front

# CIVIL DOCKET - CAUSE NO. 102229-CV

## 239th District Court

| NAMES OF PARTIES | ATTORNEYS | KIND OF ACTION | DATE OF FILING |
|---|---|---|---|
| Consteance Perry, et al | MARK S. HUMPHREYS | Contract - Consumer/Commercial/Debt | 04/15/2019 |
| vs. | | | Jury Fee Paid: $ |
| Mutual of Omaha Insurance Company | ~Def Att | | Paid by: |
| | | | Date: |

| DATE | ORDERS |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

**BRAZORIA COUNTY DISTRICT CLERK**
**RHONDA BARCHAK**

Filed for Record
6/7/2019 11:48 AM
Rhonda Barchak, District Clerk
Brazoria County, Texas
102229-CV
Vanessa Zapata, Deputy

Process Request

## Please Print All Information Clearly & Neatly

Cause No. 102229-CV _____ For each party served you must furnish 1 copy of the document(s).

**DOCUMENT(S) TO BE SERVED** Citation with Plaintiff's Original Petition

**Name/Business to be Served:**

1. Name _____ Mutual of Omaha Insurance Company _____

   Registered Agent (if applicable) _____ Corporation Service Company _____

   Address _____ 211 East 7TH Street, Suite 620 _____

   City, State, Zip _____ Austin, Texas 78701-3218 _____

2. Name _____

   Registered Agent (if applicable) _____

   Address _____

   City, State, Zip _____

**Service By (check one)**

___Sheriff

___Certified Mail **Check One:** _____ Restricted Delivery _____ Non-Restricted Delivery

___Pickup by whom: _____

___Return by mail to: _____

X Return by e-mail to **(Provide e-mail address):** _____ texaslaw94@yahoo.com _____

___Citation by Publication **(Please fill out the box below)**

___Citation by Posting at Courthouse Door **(Please fill out the box below)**

☐ Divorce/Family Citation with or without Children

    Name and Address of Publication: _____

    Relief Request Required: _____

    Date of Birth/Place of Birth for Each Child Required: _____

☐ Civil

    **As per TRCP 115, attach legal description of property if applicable and state relief requested

    Name and Address of Publication: _____

    Relief Request Required: _____

    Property Description: _____

Notes: _____

**Service Requested by:**

Name Mark S. Humphreys, Attorney _____ _(signature)_

    Printed name            Signature

Phone No. _____ 972-263-3722 _____ Email _____ texaslaw94@yahoo.com _____

Revised  07-26-2018

## Vanessa Zapata

| | |
|---|---|
| **From:** | Vanessa Zapata |
| **Sent:** | Friday, June 07, 2019 1:38 PM |
| **To:** | 'texaslaw94@yahoo.com' |
| **Subject:** | 102229cv |
| **Attachments:** | 102229cv-Mutual Of Omaha.pdf |

Attached you will find the Citation and Petition you requested. Please be sure when you print out the document, that the seal, signature and stamps are on the printed document otherwise it will not be a valid Citation. If you have any questions, please call 979-864-1873. Thank you!

*Vanessa Zapata*

149th District Civil Court Clerk
Brazoria County District Clerk's Office

111 East Locust, Suite 500
Angleton, TX 77515
(979) 864-1873
(979) 388-1873
(281) 756-1873



This message has been prepared or disseminated using resources owned by Brazoria County and is subject to the County's policies on the use of County provided technology. E¬mail created or received through the County's computer system by any County employee or official may be considered a public record, subject to public inspection under the laws of the State of Texas.



1

Service I.D. No. 151625

**CAUSE NO.  102229-CV**
**239th District Court**

THE STATE OF TEXAS                                                                     CITATION

TO:   **Mutual of Omaha Insurance Company**                          Defendant
      **By serving its Registered Agent**
      **Corporation Service Company**
      **211 East 7th Street, Suite 620**
      **Austin, Texas  78701-3218**

NOTICE:

      You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the Clerk who issued this Citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this **Citation** and **Plaintiff's Original Petition (With Disclosure Request)** a Default Judgment may be taken against you. If filing Pro se, said answer may be filed by mailing same to: Brazoria County District Clerk's office, 111 E. Locust, Suite 500, Angleton, TX  77515-4678 or by bringing said answer in person to the aforementioned address.

      The case is presently pending before the **239th District Court** of Brazoria County sitting in Angleton, Texas, and was filed on the **15th day of April, 2019.**  It bears Cause No. **102229-CV** and Styled:

**Consteance Perry, et al**
**vs.**
**Mutual of Omaha Insurance Company**

      The name and address of the Attorney filing this action (or Party, if Pro Se) is **Mark S. Humphreys, Mark S. Humphreys, P.C., 702 Dalworth Street, Grand Prairie, TX 75050.**

      The nature of the demands of said Plaintiff is shown by a true and correct copy of Plaintiff's Petition accompanying this Citation.

      Issued under my hand and the seal of said Court, at Angleton, Texas, on the **7th day of June, 2019.**

**RHONDA BARCHAK, DISTRICT CLERK**
**Brazoria County, Texas**

By _____ , Deputy
          Vanessa Zapata

Digitally signed by Vanessa Zapata
DN: cn=Vanessa Zapata, o=Brazoria County,
ou=District Clerk, email=vanessan@brazoria-
county.com, c=US
Date: 2019.06.07 13:37:01 -05'00'

**File Copy**

Citation by Registered Agent

Service I.D. No. 151625

RETURN OF SERVICE

CAUSE NO. 102229-CV     239th District Court

CONSTEANCE PERRY, ET AL
VS.
MUTUAL OF OMAHA INSURANCE COMPANY

Mutual of Omaha Insurance Company
By serving its Registered Agent
Corporation Service Company
211 East 7th Street, Suite 620
Austin, Texas 78701-3218

Came to hand on the _____ day of _____, 20___ at _____, o'clock ____.m., and executed in _____ County, Texas by delivering to each of the within named parties in person, a true copy of this CITATION with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition (With Disclosure Request) at the following times and places, to-wit:

NAME            DATE    TIME    PLACE, COURSE, AND DISTANCE FROM COURTHOUSE    MILEAGE

_____
_____
_____
_____

and not executed as to (NAME)_____

and the cause or failure to execute this process is for the following reason: _____

_____

The diligence used in finding said (NAME) being: _____

FEES:
Serving Citation and Copy          $_____        _____, Officer
Mileage: _____ miles @ $_____ per mile    $_____        _____ County, Texas
Total                              $_____        _____
                                                     Deputy/Authorized Person

<u>COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.</u>
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my
              (First, Middle, Last)
address is_____
              (Street, City, State, Zip Code, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the ____ day of _____, 20__.

                          _____
                          Declarant/Authorized Process Server

                          _____
                          (Id No. and expiration of certification)

Citation by Registered Agent

Filed for Record
8/27/2019 1:31 PM
Rhonda Barchak, District Clerk
Brazoria County, Texas
102229-CV
Sunnye Wingo, Deputy

CAUSE NO. 102229-CV

| | | |
|---|---|---|
| CONSTEANCE PERRY AND | § | IN THE DISTRICT COURT |
| WADE EATON, | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | 239th JUDICIAL DISTRICT |
| | § | |
| MUTUAL OF OMAHA | § | |
| INSURANCE COMPANY | § | |
| Defendant | § | BRAZORIA COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

Mutual of Omaha Insurance Company ("Mutual of Omaha" or "Defendant") files this Original Answer and Affirmative Defenses to Plaintiffs' Original Petition and respectfully shows the Court as follows:

## I.    GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation in Plaintiffs' Original Petition.

## II.    DEFENSES AND AFFIRMATIVE DEFENSES

Subject to the foregoing, Mutual of Omaha pleads, in addition thereto, the following affirmative defenses:

1.    Plaintiffs have failed to state a claim for which relief is available under law.

2.    Plaintiffs' claims are barred for failure to comply with the terms and conditions of the subject insurance policy and plan documents.

3.    Plaintiffs' claims are barred, in whole or in part, on the grounds that Mutual of Omaha has discharged its obligations to Plaintiffs.

4.    Plaintiffs' claims are barred by virtue of the applicable statutes of limitations.

2754502v.1

5.      Plaintiffs' claims are barred by virtue of the contractual limitations period contained within the Policy.

6.      Plaintiffs' claims are barred by the doctrine of laches.

7.      Plaintiffs' claims are barred by the doctrine of estoppel.

8.      Any decision made by Defendant regarding Plaintiffs' claim for benefits, if any, was not an abuse of discretion.

9.      Any decision made by Defendant regarding Plaintiffs' claim for benefits, if any, was not arbitrary and capricious.

10.     Mutual of Omaha's interpretation of the terms of the plan documents was reasonable and its claim determination was supported by substantial evidence.

11.     Any benefit determination made by Defendant with respect to Plaintiffs' claim for benefits, if any, was proper and correct under the terms of the Policy.

12.     Plaintiffs' claim was properly denied as decedent's death does not meet the policy definition of injury.

13.     Defendant asserts that Plaintiffs have failed to mitigate their damages, if any.

14.     Plaintiffis' claim was properly denied as the decedent's death was not due to loss independent of sickness and all other causes.

15.     Plaintiff's claim was properly denied as decedent's death was a result of Difuoroethane Toxicity and excluded from benefits under exclusions (h) and (i).

16.     Alternatively, Plaintiffs' damages, if any, were caused, in whole or in part, by their own acts or omissions.

17.     Alternatively, Plaintiffs' damages, if any, were caused in whole or part by prior or subsequent acts not attributable to Defendant.

-2-

2754502v.1

18.     Additionally, and in the alternative, Defendants assert that Plaintiffs' damages, if any, were solely caused by the acts or omissions of third parties over whom the Defendant had no control or right of control, and for whom Defendant is not responsible at law. To the extent that Plaintiffs suffered any injuries or damages as a result of such parties, such conduct was the intervening and superseding cause of any such damages, which conduct breaks the causal chain between Defendant and the event sued upon. Defendant asks the jury to determine the percentage of responsibility of each person or entity, whether or not joined in this lawsuit, for the injuries and damages about which Plaintiffs complain.

19.     Additionally, Defendant asserts that Plaintiffs' action is frivolous, unreasonable and without foundation and, as such, Defendant is entitled to recover its attorneys' fees.

20.     In the unlikely event the Court determines that Mutual of Omaha materially erred in administering Plaintiff's claims for benefits under the terms of the plan and subject policy or applicable law, which is denied, then the Court should remand the claim to Mutual of Omaha for further administrative processing in accordance with such determination before reaching any judicial decision as to Plaintiff's entitlement to benefits.

21.     In the unlikely event the Court determines that Mutual of Omaha materially erred in administering Plaintiff's claims for benefits under the terms of the plan and subject group policy or applicable law, which is denied, then the Court should remand the claim to Mutual of Omaha for further administrative processing in accordance with such determination before reaching any judicial decision as to Plaintiff's entitlement to benefits.

22.     Additionally and alternatively, any award of damages to Plaintiff for punitive or other exemplary damages is subject to statutory caps under the Texas Civil Practice and Remedies Code. *See*, *e.g.*, Tex. Civ. Prac. Rem. Code §41.008.

23.     Defendant reserves the right to amend its Answer and Affirmative Defenses as may be applicable during the course of this litigation.

24.     Defendant requests that Plaintiffs take nothing by their claims and that Defendant be awarded its attorneys' fees and such other and further relief, at law or in equity, to which it is justly entitled.

## III.     CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Mutual of Omaha Insurance Company respectfully prays that Plaintiffs take nothing by their claims or any subsequently filed claims, that Defendant recover its costs and attorney's fees, and for such other and further relief, both general or special, at law or in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER, LLP**

By:     */s/ Linda P. Wills*
        Linda P. Wills
        State Bar No. 21661400
        Nathan Prihoda
        State Bar No. 24068070
        909 Fannin St., Suite 3300
        Houston, Texas 77010
        Telephone:  (713) 353-2000
        Facsimile:  (713) 785-7780

**ATTORNEYS FOR DEFENDANT
MUTUAL OF OMAHA INSURANCE COMPANY**

2754502v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was delivered to all parties and counsel of record in accordance with the Texas Rules of Civil Procedure on this the 27th day of June, 2019.

<u>*Via e-service*</u>
Mark S. Humphreys
Mark S. Humphreys, P.C.
702 Dalworth Street
Grand Prairie, Texas 75050

*/s/ Linda P. Wills*
**Linda P. Wills**

-5-

2754502v.1